REMAND / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3308-GW-JCx | Date | August 24, 2022 |
|---|---|---|---|
| Title | *Frank Mason v. Thomas P. Schmalzried, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** IN CHAMBERS - RULING ON PLAINTIFF MASON'S MOTION TO REMAND ACTION TO STATE COURT [15]

Attached hereto is the Court's Ruling on Plaintiff's Motion to Remand [15]. The Court grants Plaintiff's motion to remand, but denies his request for attorneys' fees. Oral argument set for the motion is vacated.

:

Initials of Preparer   JG

*Mason v. Schmalzried, et al.*, Case No. 2:22-cv-03308-GW-(JCx)
Ruling on Motion to Remand Action to State Court

At the time of the removal of this action from Los Angeles County Superior Court to this federal District Court on May 16, 2022, the operative pleading in this action was the First Amended Complaint for Damages ("FAC") filed by plaintiff Frank Mason ("Plaintiff"), a California citizen, *see* FAC ¶ 4, on April 1, 2022. The FAC pled claims against, among others, Thomas P. Schmalzried, M.D., Thomas P. Schmalzried, M.D. a Professional Corporation, Yancey & Associates ("Y&A"), and Gib Yancey ("Yancey"). Each of these defendants is – or is at least alleged to be – a California citizen, *see* Notice of Removal ¶¶ 1, 13-15, and they, like the other defendants in the action, faced claims for: 1) strict product liability, 2) negligence, 3) fraud, 4) negligent misrepresentation, 5) breach of implied warranties, and 6) breach of express warranty. Nevertheless, defendants Medical Device Business Services, Inc., f/k/a Depuy Orthopaedics, Inc., Depuy Synthes Sales, Inc., Johnson & Johnson Services, Inc., and Johnson & Johnson ("the Removing Defendants") removed the action to this Court relying upon purported diversity jurisdiction, *see* 28 U.S.C. § 1332, and seeking to avoid both the fact that the parties named in the FAC are not completely diverse and the statutory rule against an action being removed when one (or more) of the defendants is a "local" defendant, *see* 28 U.S.C. § 1441(b)(2), by arguing that all of the California citizen defendants were "fraudulently joined" in this action. Plaintiff has now moved to remand, arguing simply that the Removing Defendants are wrong in this contention. The Court agrees with Plaintiff, and will grant the motion (but deny Plaintiff's accompanying request for attorneys' fees) without the necessity of oral argument. *See* C.D. Cal. L.R. 7-15.

For removal based on 28 U.S.C. § 1332 to be proper, the law requires that the parties be diverse and the amount in controversy exceeds seventy five thousand dollars. *See* 28 U.S.C. § 1332(a). The Supreme Court has interpreted the diversity statute to require "complete diversity" such that no defendant is a citizen of the same state as any plaintiff. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[T]he presence . . . of a single plaintiff from the same [s]tate as a single defendant deprives the district court of original diversity jurisdiction."). The party/parties asserting a federal

court's subject matter jurisdiction – here, the Removing Defendants – has/have the burden of demonstrating all the requirements for such jurisdiction. *See Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017).

"[O]ne exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)). Under the Ninth Circuit's approach to this issue, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent," meaning that the defendant's citizenship may be ignored for diversity purposes. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). In other words, if a plaintiff has *any possibility* of establishing liability, a court must reject a fraudulent joinder argument. *See, e.g.*, *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) ("But 'if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.'") (quoting *Hunter*, 582 F.3d at 1046); *Hunter*, 582 F.3d at 1044-45 (9th Cir. 2009); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998).

"[T]he party invoking federal court jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against fraudulent joinder.'" *Weeping Hollow Ave. Trust v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (quoting *Hunter*, 582 F.3d at 1046). Not surprisingly, then, fraudulent joinder must be proven by clear and convincing evidence. *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). In addition, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Several Circuit Courts of Appeal outside of the Ninth Circuit and several district courts within the Ninth Circuit have also concluded or suggested that all disputed questions of fact and ambiguities in state law should be resolved in favor of the plaintiff in undertaking a fraudulent joinder analysis. *See, e.g.*, *Gray v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir. 2004); *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461

(2d Cir. 1998); *Warner v. Select Portfolio Servicing*, 193 F.Supp.3d 1132, 1135 (C.D. Cal. 2016); *Sanchez v. Lane Bryant, Inc.*, 123 F.Supp.3d 1238, 1241-42 (C.D. Cal. 2015); *Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 995 (D. Nev. 2005); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 682 (D. Nev. 2004); *Plute v. Roadway Package Sys., Inc.*, 141 F.Supp.2d 1005, 1008 (N.D. Cal. 2001); *see also Jacob v. Mentor Worldwide, LLC*, 393 F.Supp.3d 912, 919-20 (C.D. Cal. 2019). This is an understandable related corollary to the rules announced by the Ninth Circuit in *McCabe* and *Gaus*, respectively, that the failure to state a cause of action must be *obvious* according to the *settled* rules of the state and that doubts in the removal context are to be resolved in favor of remand.

"[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." *Grancare*, 889 F.3d at 549. "Because the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction, the standard is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." *Id.*[1] In summarizing earlier Ninth Circuit fraudulent joinder case law, *Grancare* also noted that the Circuit had "declined to uphold fraudulent joinder rulings where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal," citing a decision that held that "an implied preemption affirmative defense was not a permissible ground for finding fraudulent joinder." *Id.* at 548-49 (citing *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)); *see also Erickson v. Monsanto Co.*, No. 2:18-cv-01793 BJR, 2019 WL 549498, *4 (W.D. Wash. Feb. 12, 2019) ("[W]hile a defendant may raise an affirmative defense to demonstrate that a non-diverse defendant has been fraudulently joined, that defense must be obvious from the face of the pleadings, and be available as a matter of mechanical application.").

---

[1] In their Opposition brief, the Removing Defendants assert that "[u]nder plaintiff's own authority, 'infinitesimal' or 'theoretical' theories of liability do not suffice for purposes of destroying federal diversity jurisdiction." Docket No. 21, at 3:22-25 (quoting *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 551 (9th Cir. 2018)). This is not the law. The Removing Defendants have taken *Grancare*'s discussion of what is sufficient under California's "broad 'substantial factor' test for legal causation" – that the plaintiff need only show a reasonable possibility that the defendant's actions played a role in the decedent's death "that was not merely 'infinitesimal' or 'theoretical'" – and attempted to transform it into a standard governing fraudulent joinder analysis generally. They have either accidentally misread *Grancare* in this regard or are purposefully trying to fool the Court into applying a standard that is irrelevant to the question at hand.

3

Under all of the above standards and principles, the Court rejects the Removing Defendants' fraudulent joinder arguments.

First, there is no reason inherent in the types of claims at issue why the non-diverse defendants *could not possibly* be proper defendants on the claims pled in the FAC. *See Grancare,* 889 F.3d at 550 ("If a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there. For example, the district court must consider, as it did in that case, whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend."); *Corona v. Quad Graphics Printing Corp.*, 218 F.Supp.3d 1068, 1072 (C.D. Cal. 2016); *Rangel v. Bridgestone Retail Operations, LLC*, 200 F.Supp.3d 1024, 1034 (C.D. Cal. 2016); *Hernandez v. Ignite Restaurant Grp., Inc.*, 917 F.Supp.2d 1086, 1090 (E.D. Cal. 2013); *Nasrawi v. Buck Consultants, LLC*, 713 F.Supp.2d 1080, 1084 (E.D. Cal. 2010). The Removing Defendants have simply argued that the claims against certain defendants are preempted and that Plaintiff cannot plead the factual basis for claims against Dr. Schmalzried.

Putting aside the question of whether the Removing Defendants' preemption argument is a possible or acceptable argument to make in assessing fraudulent joinder, *see Hunter*, 582 F.3d at 1044-46, the parties' briefs demonstrate that there is disagreement amongst the courts about whether – and facially-reasonable arguments for why this Court should disagree that – the type and nature of preemption recognized in the Supreme Court's decisions in *PLIVA, Inc. v. Mensing*, 564 U.S. 604 (2011), and *Mutual Pharmaceutical Co., Inc. v. Bartlett*, 570 U.S. 472 (2013), would apply to the type of product and type of defendants at issue here. *See* Docket No. 15-1, at 7-8 nn.2-3, 7:16-10:20, 11:3-12:6; Docket No. 23, at 5:14-6:16, 8:20-10:21 & 10 n.2; Docket No. 24, at 1:7-2:19. The Court is not in a position *in simply determining the existence of its subject matter jurisdiction* to address and resolve these disparate arguments and relevant judicial decisions. *See Hall v. OrthoMidwest, Inc.*, 541 F.Supp.3d 802, 808 (N.D. Ohio 2021); *Marroquin v. Pfizer, Inc.*, 367 F.Supp.3d 1152, 1169-70 (E.D. Cal. 2019). Those actual, and potential reasons for, disagreements in those regards have to be resolved, in this procedural posture, in favor of Plaintiff's potential ability to demonstrate the liability of these defendants under the state-law claims he advances.

As this preemption argument is the Removing Defendants' only argument for why

4

they believe Y&A and Yancey to have been fraudulent-joined, there is *at least one* non-diverse defendant that survives the fraudulent joinder analysis that is necessary for the Removing Defendants to prevail upon in order to demonstrate complete diversity and to avoid the impact of 28 U.S.C. § 1441(b)(2). The Court therefore need go no further in its analysis in order to determine that it should grant Plaintiff's motion, at least to the extent it seeks remand. *See Nasrawi v. Buck Consultants, LLC*, 776 F.Supp.2d 1166, 1170 (E.D. Cal. 2011) ("'[A] plaintiff need only have one potentially valid claim against a non-diverse defendant' to survive a fraudulent joinder challenge.") (quoting *Knutson v. Allis-Chalmers Corp.*, 358 F.Supp.2d 983, 993 (D. Nev. 2005)). But the Court also finds wanting the Removing Defendants' arguments for why the Schmalzried defendants could not be liable at least on Plaintiff's strict liability claim.

In addressing that issue, the Removing Defendants ask that the Court simply credit an affidavit from Dr. Schmalzried as dispositive of the question of whether he had control over, or a substantial ability to influence, the manufacturing or distributing process.[2] While it is true that the Court can consider facts evidenced by a removing defendant in making the fraudulent joinder determination in connection with a motion to remand, it believes that this is an appropriate exercise only in certain limited circumstances, and in resolving certain questions related to potential claim-viability. The Court does not believe that it is appropriate to resolve a potentially-disputable factual question, pre-discovery, in order to conclusively determine that a plaintiff cannot make out a claim against a particular defendant. *See Grancare*, 889 F.3d at 551 ("[A] denial, even a sworn denial, of allegations does not prove their falsity . . . ."). Otherwise, non-diverse defendants in state court would be encouraged to remove cases to federal court before a plaintiff has any chance for discovery, present a one-sided factual submission to that federal court, and hope that the federal court will effectively decide the question of their liability on the merits before the plaintiff has any real chance to get his, her or its case off of the ground.

The Court is only strengthened in this view, at least in the context of this case, by

---

[2] Even if the Removing Defendants are correct that Plaintiff also has failed to sufficiently *allege* such control/substantial ability to influence, *Grancare* made abundantly clear that "[a] claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." 889 F.3d at 549. Most-importantly, the question must be answered whether, even if a removing defendant may potentially be correct that a claim does not presently successfully state a cause of action, that claim could "possibly be cured by granting the plaintiff leave to amend." *Id.* at 550.

5

the decision rendered in *Shelton v. DePuy Orthopaedics, Inc.*, No. CV 11-08082 DDP JCGx, 2011 WL 6001630 (C.D. Cal. Dec. 1, 2011), by another judge in this District. There, the court concluded that taking the plaintiff's allegations as a whole and resolving all ambiguities in the plaintiff's favor, it was possible that Dr. Schmalzried had a substantial ability to influence the manufacturing or distribution of the Pinnacle Hip. *See id.*, at *4. The Removing Defendants insist here that issue was "wrongly decided" in *Shelton* and that the proper question is whether Dr. Schmalzried had control over the manufacture or distribution of the product. *See* Docket No. 23, at 14:3-6, 14:9-13. But manufacture and/or distribution is exactly what *Shelton* assessed, *see* 2011 WL 6001630, at *4, and as the Removing Defendants themselves recognize, it is not just "control over" but alternatively a "substantial ability to influence" manufacturing/distribution which is what matters to a strict liability claim against someone outside the vertical chain of distribution. *See id.* at 11:21-23.

      As a result, the Court believes that there is at least one claim pled against the Schmalzried defendants that would survive fraudulent joinder analysis. Because there is at least a single claim that survives such analysis as it pertains to Y&A, Yancey, and the Schmalzried defendants, the Court rejects the basis put forth for the existence of this Court's subject matter jurisdiction, and will grant Plaintiff's motion to remand.

      Plaintiff also asks the Court to award attorneys' fees and costs in connection with the removal of the case. Although it has rejected the Removing Defendants' arguments for fraudulent joinder, the Court is not convinced that Plaintiff has demonstrated the Removing Defendants "lacked an objectively reasonable basis for seeking removal" or that there are "unusual circumstances" present here. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

      The Court grants Plaintiff's motion to remand, but denies his request for attorneys' fees. Oral argument set for the motion is vacated.